IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STEPHEN L. WINTERS, Individually And On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CAMBER CORPORATION,<br><br>    Defendant. | Case No. 5:13-cv-00221-FB |

### REPLY IN SUPPORT OF MOTION TO DISMISS
### OF CAMBER CORPORATION

A review of the law and the factual background in this case establishes clearly that this action is moot. On April 24, 2013 and May 6, 2013, plaintiffs Winters and Valdez, respectively, received offers of judgment providing them the opportunity to obtain full relief in this case, including specifically a *judgment* against Camber Corporation for all relief claimed in their complaint, and all relief *available* under the Fair Labor Standards Act. (Peevy Aff., at ¶¶ 7, 8, and Ex. A and B). Although repeatedly overlooked by plaintiffs' counsel, the reality is that **these offers were received prior to any of the opt-ins** now purportedly before this court, and Camber's Fed. R. Civ. P. 12(b)(1) motion to dismiss was likewise filed prior to any additional opt-ins. Simply stated, these offers mooted this entire lawsuit and the subsequent opt-

ins did not "unmoot" the case.

As the Supreme Court has held, "mootness [is] the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quotations omitted). If at any time in the litigation a plaintiff is deprived of "a personal stake in the outcome" of the case, the matter is immediately moot. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). This is because "Article III denies federal courts the power to decide questions that cannot affect the rights of the litigants in the case before them." Id. at 477 (quotations omitted).

Plaintiff's counsel asserts that *after* the case became moot, additional opt-ins were filed and therefore the case was somehow resurrected from mootness. But that is not how it works and it is directly contrary to the Supreme Court's holding in Genesis Healthcare Corp. v. Symczyk, ___ U.S. ___, 133 S.Ct. 1523 (Apr. 16, 2013). As with standing, "[b]elated efforts to bolster" jurisdiction "are futile." Moyer v. Walt Disney World Co., 146 F. Supp. 2d 1249, 1253 (M.D. Fla. 2000). This case was mooted immediately upon the communication of an offer of full relief to the only plaintiffs then involved in the litigation, depriving them of a personal stake in the outcome. Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011) ("After

Clearwire made its offer, Damasco's federal case was over."); Mabary v. Hometown Bank, N.A., 276 F.R.D. 196, 201 (S.D. Tex. 2011) ("An offer of complete relief will generally moot a plaintiff's claim, as *at that point* she no longer retains a personal interest in the outcome of the litigation.") (emphasis supplied).  Accordingly, opt-ins filed *after* the case became moot in an attempt to "bolster" jurisdiction in fact have no impact at all on jurisdiction and are due to be disregarded as legal nullities.

It is difficult to understand how the plaintiff advocates an opposite conclusion because the Supreme Court in Genesis resolved *this precise issue*.  The Court in Genesis examined the question of whether, assuming the action was moot at the time the plaintiff received an offer of full relief, "the action remained justiciable based on the collective-action allegations in her complaint." Genesis, ___ U.S. ___, 133 S.Ct. 1523, 1529 (Apr. 16, 2013).  Importantly, that is exactly the same argument made by the plaintiff here: he implicitly acknowledges that full relief had been offered to satisfy his individual claim and the claim of the sole opt-in who had then appeared,[1] but alleges that because the complaint was styled as a putative collective action, he

---

[1] Plaintiff does apparently dispute that he has been offered full relief since he claims a right to sue on behalf of others, but the Supreme Court has rejected that argument as well.  See Genesis, 133 S.Ct. at 1532 ("[R]espondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness"); see also James Wm. Moore, 15 Moore's Fed. Prac. § 101.94[4][e] ("A plaintiff seeking FLSA collective action certification has no procedural right to represent a class in the absence of any opt-in plaintiffs.").

still has a continuing stake in the outcome. The Supreme Court directly rejected this argument in Genesis. The Court held that "[w]hile the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,' 29 U.S.C. § 216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." Id. The Court went on to say that "nothing in the nature of FLSA actions precludes satisfaction—and thus the mooting—of the individual's claim before the collective-action component of the suit has run its course." Id. at n.4. The only way plaintiff attempts to argue around this result is by repeatedly citing and quoting from *the dissenting opinion* in Genesis, often without even attributing the quotation to the dissent. It requires no citation to establish that dissenting opinions are not the law.

In addition to relying almost exclusively on the dissenting opinion from Genesis, plaintiff completely misinterprets the effect of Sandoz v. Cingular Wireless, LLC, 553 F.3d 913 (5th Cir. 2008) on this case. As Camber explained in its initial brief, Sandoz held that "***a Rule 68 offer of judgment could moot [an] FLSA collective action***." Sandoz, 553 F.3d at 922. Critically, plaintiff *does not disagree with this proposition*, and in fact quotes the relevant language of Sandoz. The parties are therefore in agreement that the Fifth Circuit recognizes that an FLSA collective action can be mooted by the offering of full relief to the plaintiff, as was done here.

However, the plaintiff continues to insist that the second part of the Sandoz holding continues to permit after-the-fact filing of a certification motion which, when filed, relates back to the time of the initial complaint. (Doc. 34, at 5). This is an entirely frivolous argument. The Court in Genesis expressly and clearly rejected the reliance on such a procedure in FLSA collective actions. The Court in Genesis examined each of the three cases relied upon by the Sandoz court and held that none of them applied. The Court stated that "these cases are inapposite, both because Rule 23 actions are fundamentally different from collective actions under the FLSA, and because these cases are, by their own terms, inapplicable to these facts. It follows that this action was appropriately dismissed as moot." Genesis, 133 S.Ct. at 1529.

Thus, it should be beyond dispute that: (1) under Sandoz, an unaccepted Rule 68 offer of full relief moots a putative collective action; and (2) under Genesis, the relation-back procedure developed in Sandoz is abrogated and does not preserve this collective action from mootness. The mere fact that *after* the case became moot, plaintiff's counsel began to file opt-in notices, changes nothing.[2]

---

[2] Plaintiff also advances a makeweight argument that Camber acted "improperly" in using evidence of unaccepted offers of judgment to challenge this court's jurisdiction. This argument fails. Both the Supreme Court in Genesis and the Fifth Circuit in Sandoz considered unaccepted offers of judgment highly significant, as have numerous other courts. See, e.g., Smith v. NCO Financial Sys., 257 F.R.D. 429, 434 (E.D. Pa. 2009) (holding that it is proper to consider Rule 68 offer of judgment in determining whether class action has become moot). This court's subject matter jurisdiction is a topic of constitutional dimension and a contrary result would have this court turn a blind eye to its own inability to constitutionally adjudicate a case.

        Respectfully Submitted,

        s/ Michael W. Fox
        Michael W. Fox

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
Telephone: 512-344-4711
Fax: 512-344-4701
michael.fox@ogletreedeakins.com

        s/ J.R. Brooks
        J.R. Brooks

        s/ David J. Canupp
        David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: djc@lanierford.com & jrb@lanierford.com

Attorneys for Defendant Camber Corporation

## **CERTIFICATE OF SERVICE**

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

      Melissa Moore
      Curt Hesse
      MOORE & ASSOCIATES
      Lyric Center
      440 Louisiana Street, Suite 675
      Houston, TX 77002
      melissa@mooreandassociates.net
      curt@mooreandassociates.net

on this the 6th day of June, 2013.

                                              s/ David J. Canupp
                                              David J. Canupp