IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN L. WINTERS, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | No. 5:13-cv-00221-FB |
| CAMBER CORPORATION, | § § | |
| Defendant. | § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS OPPOSED MOTION TO
<u>EQUITABLY TOLL THE STATUTE OF LIMITATIONS</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Stephen Winters, individually and on behalf of all others similarly situated, (referred to as "Plaintiff" or "Winters") and files this reply in support of his Opposed Motion To Equitably Toll the Statute of Limitations. (Docket Entry No. 80.) In support thereof, he would respectfully show the Court as follows:

**I. Introduction**

Winters filed a putative collective action lawsuit against Camber Corporation (referred to as "Defendant" or "Camber") on March 20, 2013, alleging that it violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") by failing to pay him and others similarly situated overtime for hours worked in excess of forty per workweek. (Pl.'s Compl. (Docket Entry No. 1) ¶¶ 21-28.) Camber has moved to

dismiss this lawsuit under Rule 12(b)(1) for lack of subject-matter jurisdiction, arguing that Winters' claim and his collective action allegations have been rendered moot by virtue of an unaccepted Rule 68 offer of judgment. (Def.'s Mot. Dismiss (Docket Entry No. 14) pp. 6-13.) Camber simply refuses to discharge its legal obligations under FED. R. CIV. P. 26 (requiring the parties to confer and develop a discovery plan) and W.D. TEX. L.R. 16 (requiring parties to submit a proposed scheduling order) and has instead moved to essentially stay this entire proceeding pending the Court's ruling on its Motion to Dismiss (Docket Entry No. 14) and possibly appellate review of that order should it prove to be unfavorable to Camber. (Def.'s Mot. for Stay (Docket Entry No. 63).) As a direct result of Camber's dilatory conduct, Winters has requested that the Court enter an order tolling the statute of limitations for all putative class members who may eventually consent to join this lawsuit pursuant to 29 U.S.C. § 216(b). (Pl.'s Mot. Equitably Toll (Docket Entry No. 80).) Curiously, Camber opposes the request, claiming that no circumstances exist that warrant tolling. (Def.'s Resp. Opp'n Pl.'s Mot. Equitably Toll (Docket Entry No. 86).) However, for the reasons explained more particularly below, the Court should grant Plaintiff's Opposed Motion To Equitably Toll the Statute of Limitations. (Docket Entry No. 80.)

## II. Argument & Authorities

"[T]he proprietary of equitable tolling must be necessarily determined on a case-by-case basis." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552,

561 (6th Cir. 2000). In this case, Camber asks that the Court delay these proceedings and that the putative class members pay the price for its dilatory conduct. But equity will not permit that result, and this Court is empowered to and should equitably toll the statute of limitations. In *In re Bank of Am. Wage & Hour Lit*, No. 2:10-md-02138 (D. Kan. Oct. 20, 2010), the United States District Court for the District of Kansas was faced with a similar situated and did precisely that. The MDL court reasoned that the plaintiffs should not be penalized for any delays occasioned by the defendant's request. *See also*, *Stickle v. SCI Western Market Support Center, L.P.*, 2008 WL 4446539, at *22 (D. Ariz. Sep. 30, 2008) (court denied without prejudice plaintiffs' motion for collective action notification and directed plaintiffs to re-file the motion after the court resolved anticipated motions to dismiss; thereafter, tolling statute of limitations from the date defendants filed their motions to dismiss through the date plaintiffs re-filed their motion for collective action notification). That same reasoning certainly applies here.

### III. Conclusion

Winters and members of the putative class have been diligently pursuing their claims since the filing of this lawsuit and were actively misled about the viability of their claims during their employment with Camber. To allow procedural machinations and technicalities potentially destroy otherwise meritorious claims, especially where there is no prejudice to Camber and when Camber has requested that the Court delay

ruling on Plaintiff's Motion for Class Certification, would be inequitable. Therefore, the Court should toll the statute of limitations members of the putative class.

        Respectfully Submitted,

        MOORE & ASSOCIATES

        By:  s/ Melissa Moore
            Melissa Moore
            State Bar No. 24013189
            Curt Hesse
            State Bar No. 24065414
            Lyric Center
            440 Louisiana Street, Suite 675
            Houston, Texas 77002
            Telephone: (713) 222-6775
            Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFF**
        **STEPHEN WINTERS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August in the year 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. David J. Canupp, Esq.
Mr. J. R. Brooks, Esq.
LANIER FORD SHAVER & PAYNE, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805

Mr. Michael W. Fox, Esq.
OGLETREE DEAKINS NASH SMOAK & STEWART, PC
301 Congress Avenue, Suite 1150
Austin, Texas 78701

s/ Melissa Moore
Melissa Moore