IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STEPHEN L. WINTERS, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMBER CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 5:13-cv-00221-FB<br>)<br>)<br>)<br>)<br>) |

**RESPONSE OF CAMBER CORPORATION
TO PLAINTIFF'S OBJECTIONS TO THE REPORT &
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**I. Introduction**

On November 6, 2013, the Honorable Pamela A. Mathy, United States Magistrate Judge, entered her Report and Recommendation for this Court's review. On November 20, 2013, plaintiff, pursuant to Federal Rule of Civil Procedure 72(b), filed his objections to the Report and Recommendation. The Magistrate Judge's Report and Recommendation clearly, and correctly, addresses all of plaintiff's objections; however, defendant, Camber Corporation ("Camber"), submits this response in order to aid this Court in its resolution of plaintiff's objections.

**II. Standard of Review**

"Under the plain language of 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and all of the relevant cases, a district court must engage in *de novo* review where a party has objected to a magistrate's decision." U.S. v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). However, "where there has been no objection to the magistrate's ruling," the district judge should apply the "'clearly erroneous, abuse of discretion and contrary to law' standard of review." Wilson, 864 F.2d at 1221. Therefore, this Court need only review, *de novo*, those portions of the Report and Recommendation to which plaintiff specifically objected. As to any portion of the Report and Recommendation to which the plaintiff did not object, this Court may apply a clearly erroneous standard.

### III. Responses to Plaintiff's Objections

**A.  Magistrate Judge Properly Relied on the Evidence in the Record to Resolve Camber's Factual Attack on This Court's Subject Matter Jurisdiction**

In his brief, plaintiff asserts that Camber's "entire argument hinged on the improper use of a Rule 68 offer of judgment." (Doc. 107, p. 4). Plaintiff argues that the Magistrate Judge erroneously considered Camber's unaccepted Rule 68 offer of judgment in recommending to dismiss plaintiff's claims for want of jurisdiction. In support of his position, plaintiff cites the language of Rule 68(b) which provides that

"[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Id.  Plaintiff's objection lacks merit.

Clearly, it would be unreasonable for a federal court to blindly assert jurisdiction over a matter in the face of clear evidence to the contrary.  Indeed, "[f]ederal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction." Columbraria Ltd v. Pimienta, 110 F. Supp. 2d 542, 545 (S.D. Tex. 2000) (citing Kokkonen v. Guardian Life Insur. Co., 511 U.S. 375, 377 (1994)); see also Orthopaedic Surgery Associates of San Antonio, P.A. v. Prudential Health Care Plan, Inc., 147 F. Supp. 2d 595, 598 (W.D. Tex. 2001).  In Sandoz v. Cingular Wireless LLC, 553 F.3d 913 (5th Cir. 2008), the seminal Fifth Circuit case finding that complete offers of judgment moot a plaintiff's FLSA claims, the Court considered the language of the Rule 68 offer of judgment at issue in that case in rendering its opinion.  As such, it was not error for the Magistrate Judge to consider the offer of judgment in this case.

Moreover, as explained in great detail in the Report and Recommendation, when resolving a challenge to subject matter jurisdiction, a court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981); (Doc. 105, pp. 7-10).  When a party has a raised a factual attack on jurisdiction, as Camber has done, a federal court "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." Williamson, 645 F.2d at 413.

Plaintiff argues that the only evidence before this Court to support Camber's position is the unaccepted offer of judgment.  Plaintiff is clearly mistaken.  In its principal brief, filed on May 17, 2013 (Doc. 14-1), Camber filed the affidavit of Kelly Peevy, a Vice President and the Director of Administration of Camber Corporation, in support of its Motion to Dismiss.  (Doc. 14-1, Ex. 1).  Camber did not submit the offer of judgment as evidence until plaintiff clearly opened the door to such evidence by calling into question the sufficiency of the offer.  (Doc. 82, p. 2 n.2).

The purpose of a factual attack on subject matter jurisdiction is to determine "the existence of subject matter *in fact*." Williamson, 645 F.2d at 413.  The Magistrate Judge did just that, and plaintiff may not subvert this process by making unfounded allegations while objecting to evidence which refutes his empty allegations.

> **B.** **Magistrate Judge Correctly Concluded that Sandoz and Genesis Necessitate that Camber's Offers of Judgment Mooted the Claims of Winters and Valdez**

Plaintiff argues that because other individuals have attempted to opt in following Camber's Motion to Dismiss, the claims of Winters and Valdez are saved from being moot. Plaintiff's position is inaccurate, and the Magistrate Judge extensively addressed these arguments. (Doc. 105, pp. 23-26).

To be clear, the Fifth Circuit Court of Appeals has squarely held that where a plaintiff in a putative FLSA collective action receives an offer of judgment sufficient to fully satisfy the plaintiff's individual claims, that plaintiff's claims become moot under Article III of the United States Constitution, depriving the court of a case or controversy to adjudicate. Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 919 (5th Cir. 2008). Relying on Sosna v. Iowa, 419 U.S. 393 (1975), United States Parole Comm'n v. Geraghty, 445 U.S. 388 (1980), and Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326 (1980), the Sandoz Court created a special exception to this mootness principle for FLSA collective actions that have not yet reached the certification stage. Id. at 920-21. However, *this portion* of the Sandoz holding — this special exception for FLSA collective actions — was abrogated by the United States Supreme Court in Genesis Healthcare Corp. v. Symczyk, ___ U.S. ___, 133 S.Ct. 1523, 1532 (Apr. 16, 2013). In Genesis, the Supreme Court held that same three decisions relied upon by the Fifth Circuit in Sandoz — Sosna, Geraghty, and Roper —"are inapposite, both because Rule 23 actions are fundamentally different from collective actions under the

-5-

FLSA, and because these cases are, by their own terms, inapplicable to these facts." Genesis, ___ U.S. ___, 133 S.Ct. at 1529.

As such, plaintiff's contention is that *after* the case became moot, opt-ins were filed which revived the case. This result is contrary to the Supreme Court's holding in Genesis. As per Sandoz and Genesis, this case became moot upon Camber's communication of an offer of full relief to the only plaintiffs then involved in the litigation. (Doc. 105, p. 30).

Plaintiff relies on Diaz v. First Am. Home Buyers Protection Corp., No. 11-57239, ___ F.3d ___, 2013 WL 5495702 (9th Cir. Oct. 4, 2013) and Ritz v. Mike Rory Corp., No. 1:12-cv-00367-JBW-RML (E.D.N.Y. Aug. 6, 2013) to support his objection. However, as argued by Camber and considered by the Magistrate Judge, Diaz is unhelpful for three reasons: 1.) it expressly adopts a dissent which is unquestionably not the law; 2.) it adopts a position contrary to the majority of federal circuit courts, see Diaz, 2013 WL 5495702 at *5; and 3.) Fifth Circuit law, not Ninth Circuit law, governs this case. (Doc. 105, p 21). Similarly, Ritz is unavailing to plaintiff because it is factually distinct so as to be irrelevant. (Doc. 105, p. 21).

Read together, Sandoz and Genesis require the result reached by the Magistrate Judge. As such, the Magistrate Judge's ruling was without error.

### C. Magistrate Judge Correctly Concluded that Camber's Offers of Judgment Provided Winters and Valdez with Complete Relief

Plaintiff's next objection is that Camber's offers of judgment to Winters and Valdez failed to offer complete relief to each. The Magistrate Judge directly addressed this issue in her Report and Recommendation. (Doc. 105, pp. 32-34). As explained by the Magistrate Judge, "[o]ther courts have reviewed language ***identical to the language used by Camber in its offers of judgment*** and have found the offers provided the plaintiffs with complete relief." (Id. at p. 32).

Additionally, plaintiff argues that the Magistrate Judge simply ignores the plain language of Camber's offers of judgment. This position is absolutely disingenuous. The Magistrate Judge specifically addressed the allegedly conflicting language in Camber's offers of judgment. (Doc. 105, pp. 33-34). Citing Basha v. Mitsubishi Motor Credit of America, Inc., 336 F.3d 451, 453 (5th Cir. 2003), the Magistrate Judge construed the alleged "ambiguity in the written offer . . . against Camber to comply with the stated intent of providing full recovery to plaintiff (and Valdez)." Id.

Ironically, plaintiff asserts "[w]hen it is necessary to go to great lengths to explain why Camber's mootness arguments should prevail . . ., it is almost certainly error." (Doc. 107, p.7). The Magistrate Judge was forced to such lengths because plaintiff raised several irrelevant and inapposite cases in support of his untenable

position.  For example, in support of his position, he has relied on Lobianco v. John F. Hayer, Attorney at Law, P.A., No. 1:13-cv-41-MW-GRJ, 2013 WL 2097414 (N.D. Fla. May 14, 2013), Quintanilla v. A&R Demolition, Inc., No. H-04-1965, 2008 U.S. Dist. LEXIS 37449 (S.D. Tex. May, 2008), and the dissent from Genesis.  These authorities are clearly irrelevant.

The dissent from Genesis is unquestionably not the law.  The Lobianco case involved an offer of judgment with meaningfully different language, and the plaintiff has simply misconstrued the holding of the Quintanilla case to this Court.  Quintanilla merely discussed the reasonableness of an incentive bonus provided to collective action representatives in that case.  Quintanilla, obviously, did not re-write the law and create additional damage awards for a prevailing plaintiff under the FLSA.

### F. Magistrate Judge Correctly Concluded that the Opt-In Plaintiffs Never Became Parties to this Suit

Plaintiff asserts in his brief that the Magistrate Judge erred in ruling that opt-in plaintiffs cannot be added in the absence of a conditional certification and that opt-in plaintiffs are not parties to the lawsuit.  The problems with plaintiff's objections are threefold.  First, the Magistrate Judge discussed and dispensed with these arguments in her Report and Recommendation (Doc. 105, pp. 26-28).  Second, the Magistrate Judge never ruled that opt-in plaintiffs are not parties to a collective action (see Doc.

105, p. 28 ("putative members of an FLSA collective action achieve party status when they consent to "opt-in" to the lawsuit . . .")), instead, the Magistrate Judge ruled that the putative opt-in plaintiffs never successfully opted in to this suit. Lastly, plaintiff's entire argument fails to account for the fact that his claims were moot prior to any of the opt-in plaintiffs' filing of consents, and therefore, there was no suit for the opt-in plaintiffs to join. See Sandoz, 553 F.3d at 919; Rollins v. Systems Integration, Inc., No. 4:05-CV-408-Y, 2006 WL 3486781, *4 (N.D. Tex. Dec. 4, 2006).

Ultimately, at the moment that Camber's offer had mooted plaintiff's claims, his case against Camber no longer persisted, and the putative opt-in plaintiffs' consents were ineffective because the opt-in plaintiffs attempted to join a moot case. Because the Magistrate Judge reached this correct result, there was no error.

### G. Magistrate Judge Correctly Recommended Dismissal With Prejudice

Plaintiff argues that the Magistrate Judge erroneously concluded that dismissal with prejudice was warranted in this matter. While it may be true that dismissals for want of jurisdiction are generally without prejudice, this case presents a special problem in that plaintiff has already received all to which he is entitled under the law. There is nothing more for plaintiff to claim, and therefore, his claims are due to be dismissed with prejudice. See Greisz v. Household Bank, 176 F.3d 1012, 1015 (7th

Cir. 1999) ("You cannot persist in suing after you've won.") (Posner, J.).

### H.     Magistrate Judge Correctly Recommended Dismissal of Remaining Motions

Plaintiff's final arguments concern the Magistate Judge's recommendation to deny all other pending motions in light of her recommendation to dismiss this action with prejudice. His prime contention is that the Magistrate Judge erroneously concluded that the motion to equitably toll the statute of limitations for the putative opt-in plaintiffs should be denied. The Magistrate Judge addressed this issue directly and explained that the plaintiff failed to meet the rigorous standard which a party must meet to prevail on such a motion. (Doc. 105, p. 36-38).

As to plaintiff's remaining motions, the Magistrate Judge correctly concluded that because plaintiff's claims are moot, there is no need to consider plaintiff's other pending motions. (Doc. 105, p. 35-36).

### IV. Conclusion

For the foregoing reasons, the Court should overrule plaintiff's objections to the Magistrate Judge's Report and Recommendation, and adopt the Magistrate Judge's Report and Recommendation which clearly addressed and dispensed all pending issues before this Court.

Respectfully Submitted,

s/ Michael W. Fox
Michael W. Fox

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
Telephone: 512-344-4711
Fax: 512-344-4701
michael.fox@ogletreedeakins.com


s/ J.R. Brooks
J.R. Brooks

s/ David J. Canupp
David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: jrb@lanierford.com and djc@lanierford.com

Attorneys for Defendant Camber Corporation

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

    Melissa Moore
    Curt Hesse
    MOORE & ASSOCIATES
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, TX 77002
    melissa@mooreandassociates.net
    curt@mooreandassociates.net
    mailto:aalaw@bellsouth.net

on this the 4th day of December, 2013.

                                              s/ David J. Canupp
                                              David J. Canupp